IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MT. HEBRON DISTRICT MISSIONARY BAPTIST ASSOCIATION OF AL, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO.: 3:16-cv-00658-CDL-GMB ) |
| THE HARTFORD COMPANY, *et al.*, | ) ) |
| Defendants. | ) |

**SUPPLEMENTAL REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 55. The undersigned previously issued a Report and Recommendation (Doc. 76) relating to a number of motions pending in this case. Following the entry of this report, Alexander filed a Motion for Clarification of Report and Recommendation Granting Motion for Separate Trials (Doc. 78), which has been granted by separate order. For the reasons that follow, the undersigned RECOMMENDS that all of the claims of Plaintiff Mt. Hebron District Missionary Baptist Association of AL, Inc. ("Mt. Hebron"), including its third-party claim against Dr. Alexander, be tried after the interpleader action.

For brevity, the court refers to its prior report and recommendation (Doc. 76) for a thorough recitation of this case's factual background and procedural history. In that report, the undersigned recommended that Alexander's Motion for Severance and Separate Trials

(Doc. 33) be granted. *See* Doc. 78 at 18–21. However, after Alexander's motion, Mt. Hebron had filed a third-party tort claim against him. *See* Doc. 34. Thus, Mt. Hebron's third-party claim was not discussed in Alexander's motion, *see* Doc. 33, nor was it explicitly addressed in the prior report and recommendation. *See generally* Doc. 76. Accordingly, Alexander seeks clarification on whether the undersigned recommends the severance of all of Mt. Hebron's claims from the interpleader action, including its third-party claim against Alexander. *See* Doc. 78. Alexander's assumption is correct. For the reasons stated in its prior report, *see* Doc. 78 at 18–21, the court recommends that Mt. Hebron's third-party claim against Alexander be tried separately from—and after—the interpleader action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that all of Mt. Hebron's claims, including its third-party tort claim against Dr. Alexander, be tried after the interpleader action. It is further ORDERED that the parties are DIRECTED to file any objections to this Recommendation on or before **April 17, 2017.** Any objections filed must identify the specific findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon

grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 3rd day of April, 2017.

                                                  /s/ Gray M. Borden  
                                        UNITED STATES MAGISTRATE JUDGE