IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MT. HEBRON DISTRICT MISSIONARY BAPTIST ASSOCIATION OF AL, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 3:16-cv-658-CDL-GMB [WO] |
| SENTINEL INSURANCE COMPANY, LIMITED, | ) ) ) | |
| Defendant, | ) ) | |
| v. | ) ) | |
| LANDON ALEXANDER, SR, | ) ) | |
| Third-Party Defendant. | ) | |

# **ORDER**

Before the court are the Position Statement Regarding Interpleading Policy Proceeds Without Interest (Doc. 68) filed by Defendant Sentinel Insurance Company, Limited ("Sentinel") and the Motion for Rule 11(c) Sanctions Against Sentinel Insurance Company, Limited (Doc. 73) filed by Plaintiff Mt. Hebron District Missionary Baptist Association of AL, Inc. ("Mt. Hebron").

**A.   Interpleader**

Sentinel argues that interpleader of the policy proceeds at issue in this case is proper because it makes no claim to the proceeds and Mt. Hebron and third-party Defendant Landon Alexander, Sr. each have competing claims to the proceeds. Doc. 7 at 12. The

court recently denied Mt. Hebron's motion to dismiss the interpleader complaint, *see* Docs. 76 & 83, and no other party opposes interpleader.

Under Rule 22 of the Federal Rules of Civil Procedure, a defendant potentially exposed to double or multiple liability may seek interpleader through a crossclaim or counterclaim. *See* Fed. R. Civ. P. 22(a). The defendant may do so even though it denies liability "in whole or in part to any or all of the claimants." *Id.* Because the requirements for Rule 22 interpleader are satisfied given the respective positions of Mt. Hebron, Alexander, and Sentinel, the court concludes that interpleader is proper.

Furthermore, the court finds that Sentinel need not tender interest along with the policy proceeds. Whether interest has accrued is a question closely intertwined with the outcome of the interpleader action and, potentially, Mt. Hebron's underlying tort claims. *See* Doc. 68 at 2. Therefore, a determination of whether interest is owed and when it began to accrue would be premature at this time. The court will order Sentinel to interplead only the policy proceeds, not interest that might be owed on those proceeds.

Accordingly, it is ORDERED that, **on or before July 7, 2017**, Sentinel shall interplead the policy proceeds by paying into the Clerk of Court the amount of $708,335.00.

**B.     Sanctions**

In the motion for sanctions, Mt. Hebron claims that Sentinel has violated Rule 11(b)(1) of the Federal Rules of Civil Procedure, caused unnecessary delay, and needlessly increased the cost of litigation, by filing its Position Statement Regarding Interpleading Policy Proceeds Without Interest. *See* Doc. 73 at 1–2. This motion is due to be denied.

Sentinel filed a counterclaim in interpleader and later filed a brief requesting that it not be required to pay interest on the funds to be interplead. *See* Doc. 68. There is no evidence before the court suggesting that Sentinel has attempted to delay the interpleader action it initiated, particularly when Sentinel filed its position statement before the court resolved Mt. Hebron's motion to dismiss the interpleader action. Mt. Hebron's motion makes no meaningful showing in support of any sanction against Sentinel, and with no additional justification proffered during yesterday's telephonic status conference, it is ORDERED that the motion (Doc. 73) is DENIED.

DONE this 16th day of June, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE