IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MT. HEBRON DISTRICT MISSIONARY BAPTIST ASSOCIATION OF AL, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 3:16-cv-658-CDL-GMB [WO] |
| SENTINEL INSURANCE COMPANY, LIMITED, | ) ) ) ) | |
| Defendant, | ) ) | |
| v. | ) ) | |
| LANDON ALEXANDER, SR., | ) ) | |
| Third-Party Defendant. | ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 55. Before the court is the Renewal of Motion to Dismiss and Motion for Summary Judgment (Doc. 94) filed by Plaintiff Mt. Hebron District Missionary Baptist Association of AL, Inc. ("Mt. Hebron").[1] In opposition, Landon Alexander, Sr. invokes Rule 56(d) of the Federal Rules of Civil Procedure (Doc.

---

[1] Despite being styled as a "Renewal of Motion to Dismiss," Mt. Hebron cites only to Rule 56—and not Rule 12(b)(6)—in the motion, and does not identify what motion is being "renewed." Moreover, any motion under Rule 12(b)(6) would be untimely, having been filed long after Mt. Hebron's responsive pleadings. *See* Fed. R. Civ. P. 12(b). For these reasons, the motion is construed only as one for summary judgment.

96), attaching an affidavit prepared by his counsel, Robert Baxley. Doc. 96-1. In the affidavit, Mr. Baxley asserts that no discovery of any kind has taken place, and that Alexander must conduct discovery on a number of issues that bear on his interest in the property in dispute before the court may properly rule on the motion. For the reasons that follow, the undersigned RECOMMENDS that Mt. Hebron's motion for summary judgment (Doc. 94) be DENIED with leave to refile at the conclusion of discovery or at least once the factual record has been developed sufficiently.

Rule 56(d) of the Federal Rules of Civil Procedure permits a district court to defer consideration of a motion for summary judgment if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The affidavit must "set[] forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). In determining the outcome of a Rule 56(d) motion, the court must "balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." *Id.* The party opposing summary judgment "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." *Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983) (citation and internal quotation marks omitted).

This case arises out of a dispute concerning the proceeds of a liability insurance

policy issued for a church building operated by Mt. Hebron in Russell County, Alabama. Doc. 1-1 at 1–2. On April 6, 2016, a tornado destroyed the church, prompting Mt. Hebron to make a claim on the insurance policy. Doc. 1-1 at 1–2. To Mt. Hebron's surprise, the check for the policy proceeds was made out to both Mt. Hebron and Alexander. Doc. 1-1 at 2. As a result, Mt. Hebron sued a number of corporations with the word "Hartford" in the title (The Hartford Company, The Hartford Billing Company, The Hartford Large Loss Organization, and The Hartford Services Group, Inc.), along with Sentinel Insurance Company, Ltd.; Southern Insurance Underwriters, Inc.; and Sentinel Insurance Company, Limited ("Sentinel").

After the case was removed to federal court, Mt. Hebron filed its First Amended Complaint asserting three causes of action: breach of contract, bad-faith refusal to pay the proceeds of the insurance policy, and tortious interference with a contractual relationship. Doc. 11 at 6–9. Mt. Hebron also added The Hartford Financial Services Group, Inc. as a defendant. Doc. 11. Sentinel then filed a counterclaim in interpleader, stating that it held the proceeds from the policy and that it issued the check to Mt. Hebron and Alexander because Alexander was listed as a mortgagee. Doc. 21 at 13. Both Alexander and Mt. Hebron claim a right to the proceeds. *See generally* Docs. 24 & 34. After significant procedural maneuvering, the court severed the interpleader action from Mt. Hebron's underlying tort claims and third-party claim against Alexander, and ordered Sentinel to interplead the policy proceeds. *See* Docs. 76, 80, 83 & 86. Alexander also filed a motion to disqualify counsel for Mt. Hebron (Doc. 87), which the court granted separately. Doc. 102. On August 1, 2017, less than two weeks after the parties completed briefing of the

motion to disqualify, Mt. Hebron filed the instant summary-judgment motion, which contends that there is no dispute of material fact precluding the court from a finding that Alexander has no mortgage or other interest in the property. *See generally* Doc. 94.

The heart of this dispute is whether Alexander had a legitimate right to any part of the proceeds of the insurance policy issued to Mt. Hebron. Thus, in response to the motion for summary judgment, Mr. Baxley asserts that Alexander needs to discover information pertaining to the "nature and extent of the agreements between Dr. Alexander and Mt. Hebron." Doc. 96-1 at 3. He posits that documents from Mt. Hebron and depositions of its representatives may reveal information relating to any interest Alexander had in the property. Doc. 96-1 at 3. Undoubtedly, Alexander's ownership interest is a material disputed fact that is of consequence to the resolution of the interpleader action and underlying tort claims. If Alexander was a proper mortgagee or can prove some other viable interest in the property, he may be entitled to part of the policy proceeds, negatively impacting Mt. Hebron's underlying tort claims. However, if Alexander can prove no ownership interest in the property, Mt. Hebron would be entitled to all of the proceeds and, additionally, may prevail on its underlying tort claims.

Alexander is correct to contend that the discovery process is likely to yield facts essential to his opposition to the motion for summary judgment. As only one example, the court discussed in its Order of September 7, 2017, the fact that Mt. Hebron's former counsel possessed a number of documents bearing on Alexander's right to claim an interest in the policy proceeds, including an invoice describing Alexander as a "mortgage holder" for the property. Docs. 90-11 at 3 & 102 at 3. The provenance of these documents has not been

established beyond Mt. Hebron's former counsel's admission that Alexander provided him with copies of the documents around June 2015. Doc. 90-1 at ¶ 13. In as much as these documents bear on the core issues in dispute in the lawsuit, the court expects that the discovery process will yield information relating to the authenticity of the documents and the enforceability of their provisions. On the basis of these contested documents alone, the court would conclude that Alexander has met his burden of demonstrating that the need for discovery compels the court to defer a ruling on summary judgment.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Mt. Hebron's motion for summary judgment (Doc. 94) be DENIED with leave to refile.

It is further ORDERED that the parties are DIRECTED to file any objections to this Recommendation on or before **September 28, 2017.** Any objections filed must identify the specific findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 14th day of September, 2017.

  _____
  GRAY M. BORDEN
  UNITED STATES MAGISTRATE JUDGE