IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MT. HEBRON DISTRICT MISSIONARY BAPTIST ASSOCIATION OF ALABAMA, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACT. NO. 3:16-cv-658-ECM (WO) |
| SENTINEL INSURANCE COMPANY, | ) ) | |
| Defendant. | ) ) | |
| v. | ) ) | |
| LANDON ALEXANDER, SR., | ) ) | |
| Third-Party Defendant | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Report and Recommendation of the Magistrate Judge (doc. 144) which recommends that the Plaintiff's Amended and Renewed Motion for Summary Judgment (doc. 119) be granted in part and denied in part. On January 28, 2019, third-party Defendant Landon Alexander, Sr. ("Alexander") filed objections to the Recommendation. (Doc. 145). The Court has carefully reviewed the record in this case, including the Magistrate Judge's Report and Recommendation, and Alexander's objections. *See* 28 U.S.C. § 636(b).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further

1

evidence; or resubmit the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.* The Court undertook an independent review of the Report and Recommendation and with respect to those portions to which objections have been made, the Court undertook a *de novo* review. For the reasons that follow, the Court concludes that the objections are due to be overruled, and the Recommendation is adopted.

Alexander initially objects to the Magistrate Judge's consideration of what he characterizes as an "untimely argument" regarding Alexander's status as an unlicensed general contractor. This general argument is neither a factual nor legal objection. It was within the discretion of the Court to allow the parties an opportunity to address all dispositive issues, particularly since Alexander emphasized the undisputed nature of his status as general contractor in his response to the Plaintiff's motion for summary judgment. *See* Doc. 126 at 3 ("It is undisputed that Dr. Alexander was the general contractor on the Mt. Hebron District Association Center and he repaired and maintained the building after its completion."). Alexander put his status as a general contractor at issue, and he was given the opportunity to respond to the Plaintiff's argument that as an unlicensed general contractor, he could not rely on his contract with Mt. Hebron to establish an insurable

2

interest in the property. Consequently, Alexander cannot now complain about an issue that he raised and to which he had ample opportunity to respond.

More importantly, although Alexander contends he was prejudiced by the Court's consideration of the issue, he does not explain how this issue "would have changed [his] entire strategy." (Doc.145 at 3). To the extent that his complaint is an objection, it is due to be overruled.

Alexander also objects to the Magistrate Judge's finding that he is not the owner of the property at issue. (Doc. 145 at 3). Alexander asserts for the first time in his objection that the Plaintiff, Mt. Hebron District Baptist Association of Alabama, is a limited liability company ("LLC"). (*Id.*). There is no evidence before the Court supporting that assertion, and the argument of counsel without evidence is unpersuasive. The evidence before the Court establishes that the Plaintiff operates as "a religious corporation organized in the State of Alabama." (Doc. 1-1 at 1, para. 1). Furthermore, in response to the Plaintiff's motion for summary judgment, Alexander himself submitted the "Articles of Incorporation of Mount Hebron District Missionary Baptist Association of Alabama" to support his argument that he had a construction contract with Mt. Hebron. (Doc. 126 & 127, Ex. I). Thus, the Court finds Alexander's assertion that because he is a member of the alleged LLC, he is an owner, is unsupported by the record.

To the extent that Alexander objects to the Magistrate Judge's finding that he is not

an owner of the property, and therefore subject to the provisions of ALA. CODE § 34-8-6,[1] his objections are due to be overruled. Relying on Alabama Administrative Code section 230-X-1-.07, Alexander argues that as an owner of property, he may construct a building on that property without being a licensed general contractor. (Doc. 145 at 3). "Alexander's actions from the day he purchased the insurance policy on the building to the day he attempted to collect his portion of the insurance proceeds evidence his belief that this was his building." (Doc. 145 at 3). Therein lies the crux of the problem -- Alexander considered the building to be his, but it was not.

First, there is no evidence before the Court that Alexander owns any part of the real property upon which the building sits. The warranty deed which is part of the record establishes that the Plaintiff, Mt. Hebron District Missionary Baptist Association of Alabama, owns the land on which the building sits. *See* Doc. 1-2; Doc. 143, Ex. J. Next, section 230-X-1-.07 specifically requires an owner who awards a contract for more than $50,000 of work to contract with a "properly licensed prime contractor." Ala. Adm. Code § 230-X-1-.07. Alexander has repeatedly alleged that he contracted with the Plaintiff to build the building at issue at a rate of $85.00 per square foot, for a total cost of over

---

[1] Ala. Code § 34-8-6 requires any person engaging in general contracting to be licensed. Under Alabama law, a general contractor is defined as follows:

> (a) For the purpose of this chapter, a "general contractor" is defined to be one who, for a fixed price, commission, fee, or wage undertakes to construct or superintend or engage in the construction, alteration, maintenance, repair, rehabilitation, remediation, reclamation, or demolition of any building, highway, sewer, structure, site work, grading, paving or project or any improvement in the State of Alabama where the cost of the undertaking is fifty thousand dollars ($50,000) or more, shall be deemed and held to have engaged in the business of general contracting in the State of Alabama.

Ala. Code § 34-8-1(a) (1975).

$507,472.00. (Doc. 110, First Am. Answer and Counterclaim to Third Party Complaint at 6-7; Doc. 87-1, Aff. Of Alexander at 2, para. 2; Doc. 121-10, Dep. Alexander at 12-14). It is undisputed that Alexander was not a licensed contractor. (Doc. 132-1 at 39). Consequently, section 230-X-1-.07 affords Alexander no relief.

Accordingly, upon an independent review of the record, for the reasons as stated and for good cause, it is

ORDERED as follows:

1. Alexander's objections (doc. 145) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 144) is ADOPTED;

3. The Plaintiff's motion for summary judgment (doc. 119) is GRANTED to the extent it is directed at the interpleader action;

4. The Plaintiff's motion for summary judgment (doc. 119) is DENIED with respect to any other claims pending in this lawsuit;

5. The Plaintiff's motion for status (doc. 146) is DENIED as moot; and

6. The order of referral dated November 14, 2016 is VACATED.

DONE this 5th day of November, 2019.

    /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE