IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MT. HEBRON DISTRICT MISSIONARY BAPTIST ASSOCIATION OF ALABAMA, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACT. NO. 3:16-cv-658-ECM (WO) |
| SENTINEL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| v. | ) ) | |
| LANDON ALEXANDER, SR., | ) ) | |
| Third-Party Defendant | ) | |

**MEMORANDUM OPINION and ORDER**

**INTRODUCTION**

At issue in this case is an insurance policy issued by Defendant Sentinel Insurance Company ("Sentinel") on a building owned by Plaintiff Mt. Hebron District Missionary Baptist Association of AL, Inc. ("Mt. Hebron"). After a tornado destroyed the insured building on April 6, 2016, Mt. Hebron made a claim on its insurance policy seeking the benefits of its insurance policy with Sentinel. When Mt. Hebron received the check, it was made payable to Mt. Hebron, and third-party defendant Reverend Dr. Landon Alexander, Sr. ("Alexander").

Mt. Hebron filed suit against Sentinel for its failure to pay to it the proceeds due under the insurance policy. It also asserted a bad faith failure to pay claim. (Doc. 11).

1

Sentinel then filed a Counterclaim and Complaint in Interpleader (doc. 21) against Mt. Hebron and Alexander. Sentinel also deposited into the registry of the Court Seven Hundred and Eight thousand, Three Hundred and Thirty-Five dollars ($708,335.00) which constitute the Policy proceeds. (Doc. 89).

Mt. Hebron then filed a third-party complaint against Alexander asserting intentional interference with a contract. (Doc. 34).

On October 18, 2016, Alexander filed a motion to sever in which he argued that the Interpleader action should be resolved before the Court resolved Mt. Hebron's tort claims against Sentinel and Mt. Hebron's claims against him. (Doc. 33). The Court subsequently severed the interpleader claim from all the other claims and ordered that the interpleader action be determined first. (Docs. 76, 80 & 83).

Mt. Hebron filed a motion for summary judgment regarding Sentinel's interpleader claim and Alexander's counterclaims, asserting that it, and not Alexander, was the proper party to receive the insurance proceeds. On January 16, 2019, the Magistrate Judge entered a Report and Recommendation determining that Alexander did not have an insurable interest in the property, and thus, Mt. Hebron was entitled to summary judgment on the interpleader claim. (Doc. 144). Alexander objected to the Report and Recommendation, but the Court overruled his objections, adopted said Recommendation, and granted Mt. Hebron's motion for summary judgment with respect to the interpleader action, and denied the motion with respect to any other remaining claims. (Doc. 148). The Court's adoption of the Recommendation resolved the issue of who was entitled to the insurance proceeds — Mt. Hebron is the rightful and sole recipient of the insurance proceeds.

2

However, because Mt. Hebron's motion for summary judgment did not resolve all pending claims, the Court held a status conference on November 21, 2019 to determine how this case should move forward. The Court ordered the parties to brief whether final judgment should be entered on Defendant Sentinel's counterclaim and complaint in interpleader consistent with the Court's order granting Mt. Hebron's motion for summary judgment on that claim. (Doc. 154).

The parties agree that final judgment should be entered on Sentinel's counterclaim and complaint in interpleader. (Docs. 156, 158 &159). However, there remain pending other claims: Mt. Hebron's claims against Sentinel for failure to pay and bad faith failure to pay insurance proceeds (doc. 11); Mt. Hebron's third-party complaint against Alexander alleging intentional interference with a contract (doc. 34); and Alexander's counterclaim against Mt. Hebron for breach of contract and declaratory judgment (doc. 110).

In conjunction with the filing of briefs, the parties filed motions to resolve the remaining claims. Consequently, now pending before the Court are the following motions: Mt. Hebron's motion to dismiss claims against Sentinel (doc. 156) and motion for status or entry of final judgment (doc. 162); Sentinel's motion for discharge (doc. 160), and Alexander's motion for entry of final order (doc. 158). For the reasons that follow, the Court concludes that the motions are due to be granted and judgment entered in favor of Mt. Hebron.

## II. DISCUSSION

*A. Mt. Hebron's Motion to Dismiss.* Two counts remain pending against Sentinel -- a failure to pay insurance benefits and a bad faith failure to pay insurance benefits.[1] (Doc. 11). On December 20, 2019, Mt. Hebron filed a motion to dismiss, pursuant to Fed. R. Civ. P. 41(a)(2), to dismiss those claims. (Doc. 156). Sentinel does not oppose Mt. Hebron's motion to dismiss. (Doc. 160). Accordingly, the Court will grant Mt. Hebron's motion to dismiss Sentinel, (doc. 156), and dismiss Sentinel as a party to this action.

Also pending is Mt. Hebron's third-party complaint against Alexander alleging "wrongful interference with a contract" in which Mt. Hebron alleges that Alexander wrongfully interfered with its insurance contract with Sentinel by placing his name on the insurance policy as mortgagee, by making a claim for the insurance proceeds, and preventing Mt. Hebron from collecting the insurance proceeds. (Doc. 34). On December 20, 2019, Mt. Hebron also move to dismiss, pursuant to Fed. R. Civ. P. 41(a)(2), its remaining claims against Alexander. (Doc. 156). Although Alexander opposes Mt. Hebron's motion to dismiss, he "concedes that this Court's Opinion and Order (Doc. 148) effectively disposed of Dr. Alexander's claims without procedurally doing so." (Doc. 158 at 3). Alexander therefore "raises no objection to dismissal of Mt. Hebron's claims against Sentinel and Dr. Alexander himself." (*Id.* at 4). Consequently, the Court will grant Mt. Hebron's motion to dismiss its claims against Alexander.

---

[1] The Court has previously dismissed Count 3 of the amended complaint. (Doc. 83).

***B. Motion to Discharge***.  Sentinel deposited into the registry of the Court Seven Hundred and Eight thousand, Three Hundred and Thirty-Five dollars ($708,335.00) (doc. 89) which constitute the Policy proceeds.  Sentinel now moves for discharge.  (Doc. 160).

> Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner.  A successful interpleader suit results in the entry of discharge judgment on behalf of the stakeholder; once the stakeholder turns the asset over to the registry of the court, all legal obligations to the asset's claimants are satisfied.

*In re Mandalay Shores Co-op, Housing Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994).  *See also, Prudential Life Ins. Co. of Am. v. Hearndon*, 2019 WL 5592470, *1 (M.D. Fla. 2019); *Life Ins. Co. of N. Am. v. Williams*, 2015 WL 10961833, *2 (N.D. Ga. 2015).

An interpleader action proceeds in two stages.  First, the Court must determine "whether interpleader is proper and whether to discharge the stakeholder from further liability to the claimants.  At the second stage, the court evaluates the respective rights of the claimants to the interpleaded funds."  *Unum Life Ins. Co. of Am. v. Smith*, 2018 WL 1977257, * 2 (M.D. Ala. 2018).

At this juncture, Sentinel has interpleaded the funds into the Court's registry and has satisfied its obligations with respect to insurance proceeds.  Moreover, Mt. Hebron has moved to dismiss its remaining claims against Sentinel (doc. 156).  Because there are no remaining claims against Sentinel, the Court will grant Sentinel's motion to discharge (doc. 160).

### *C. Alexander's counterclaims for breach of contract and declaratory judgment.*

Also pending before the Court is Alexander's counterclaims against Mt. Hebron alleging breach of contract and declaratory judgment (doc. 110). While Mt. Hebron asks the Court to dismiss these state law claims, it points the Court to no mechanism by which the Court could dismiss these claims at this state of the ligation. Although Alexander concedes that the Court's prior opinions "effectively disposed" of his counterclaims (docs. 156 & 158), he objects to dismissal. (Doc. 158 at 5).

Given the Court's jurisdiction over Mt. Hebron's claims, it has the authority to exercise supplemental jurisdiction over Alexander's state law counterclaims. *See* 28 U.S.C. § 1367(a). Where all federal claims are dismissed prior to trial, district courts are encouraged to dismiss any remaining state law claims. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004). Before dismissing the remaining state law claims, the federal court must consider the factors of judicial economy, convenience, fairness, and comity. *See Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 537 (11th Cir. 2015).

"Both comity and economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). "Federal courts are (and should be) loath to wade into uncharted waters of state law, and should only do so when absolutely necessary to the disposition of a case." *Ameritox*, 803 F.3d at 540. Indeed, the Supreme Court has declared that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

The Court has considered these factors and determines that it should decline to exercise supplemental jurisdiction over Alexander's state law counterclaims. Accordingly, Alexander's state law counterclaims will be dismissed without prejudice to his right to pursue them in state court.

***D. Entry of Final Judgment***. With all remaining claims now resolved, the Court concludes that there is no reason to withhold entry of final judgment and will do so by final order.

## III. CONCLUSION

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED as follows:

1. pursuant to Fed. R. Civ. P. 41(a)(2), Mt. Hebron's motion to dismiss claims against Sentinel (doc. 156) is GRANTED and the claims against Sentinel are DISMISSED without prejudice;

2. Sentinel's motion for discharge (doc. 160) is GRANTED, and Sentinel is DISCHARGED.

3. pursuant to Fed. R. Civ. P. 41(a)(2), Mt. Hebron's motion to dismiss claims against Alexander (doc. 156) is GRANTED and the claims against Alexander are DISMISSED without prejudice;

4. Alexander's counterclaims against Mt. Hebron alleging breach of contract and declaratory judgment (doc. 110) are DISMISSED without prejudice; and

5. Mt. Hebron's motions for status or entry of final judgment (docs. 156 & 162) and Alexander's motion entry of final judgment (doc. 158) are GRANTED to the extent that a final judgment will be entered by separate order;

6. Prior to executing the remainder of this Order, the Clerk of the Court is DIRECTED to wait the requisite period for the expiration of the time for appeal, after the Clerk receives any necessary documentation from the payee, such as W-9 forms. If there is an appeal, then the Clerk of the Court shall delay payment pending resolution of the appeal. If no appeal is filed, then the Clerk of the Court shall proceed to the remainder of the Order.

7. the Clerk of the Court, without further notice, is DIRECTED and AUTHORIZED to draw a check on the funds on deposit in the Commercial Registry Account and DISBURSE just compensation, in the principal sum of Seven Hundred and Eight thousand, Three Hundred and Thirty Five dollars ($708,335.00), plus 90% of accrued interest, in a check payable to Mt. Hebron District Missionary Baptist Association of Alabama, Inc., by certified mail, with a return receipt, to its attorney, James R. McKoon, at his address of record. The balance of 10% of accrued interest shall be paid to the U.S. Treasury as a handling fee pursuant to 28 U.S.C. § 1914(b) and FRDOC91-26415 reported at 56 Fed. Reg. 56356 and directions received from the Administrative Office of the U.S. Courts on February 7, 1992.

DONE this 31st day of March, 2020.

    /s/   Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE