IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MT. HEBRON DISTRICT MISSIONARY BAPTIST ASSOCIATION OF ALABAMA, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>SENTINEL INSURANCE COMPANY, )<br><br>Defendant. )<br><br>v. )<br><br>LANDON ALEXANDER, SR., )<br><br>Third-Party Defendant ) | CIVIL ACT. NO. 3:16-cv-658-ECM (WO) |

**MEMORANDUM OPINION and ORDER**

On November 5, 2019, the Court granted the Plaintiff's motion for summary judgment as it related to Sentinel Insurance Company's ("Sentinel") interpleader action but denied summary judgment on all other claims. (Doc. 148). On March 31, 2020, the Court granted the Plaintiff's motion to dismiss and dismissed the Plaintiff's remaining claims against Defendants Sentinel and Landon Alexander, Sr. ("Alexander"). (Doc. 163). The Court entered final judgment on March 31, 2020, in favor of the Plaintiff on the interpleader action and awarded the Plaintiff the interpleaded funds. The Court also taxed costs against Alexander.

On April 6, 2020, the Plaintiff filed a bill of costs seeking $2,246.42. (Doc. 165). On April 14, 2020, Alexander filed objections to the Plaintiff's bill of costs, asserting that

the Plaintiff was not entitled to costs as it "is not the disinterested interpleader." (*Id*. at 1). The Plaintiff has failed to respond to the Court's order directing it to show cause why the objections should not be sustained.

"In an interpleader action, costs and attorney's fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder."  *Prudential Ins. Co. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986). Moreover, "[t]he usual practice is to tax the costs and fees against the interpleader fund, although the court may tax the losing claimant directly when [his] conduct justifies doing so." *Id*. at 1498.  In this case, the Plaintiff is not the interpleader nor is it a disinterested stake holder.

In addition, the Plaintiff has offered no reason why costs should be taxed against Alexander as the losing claimant.  Because Mt. Hebron was not the interpleader plaintiff, the Court dismissed Mt. Hebron's claims against Alexander, and Mt. Hebron offers no reason why it is entitled to costs, the Court concludes that Alexander's objections to Mt. Hebron's bill of costs are due to be sustained.

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that Defendant Alexander's objections to the Plaintiff's bill of costs are SUSTAINED.

DONE this 26th day of October, 2020.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE