**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 03, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-11664-BB
Case Style: Mt. Hebron District Missionary v. Landon Alexander, Sr.
District Court Docket No: 3:16-cv-00658-ECM-SRW

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tonya L. Richardson, BB at (404) 335-6174.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11664
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-00658-ECM-SRW

MT. HEBRON DISTRICT MISSIONARY BAPTIST ASSOCIATION OF ALABAMA, INC.,

                                                                                Plaintiff-Appellee,

versus

LANDON ALEXANDER, SR.,

                                                                                Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(November 3, 2020)

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

      In 2016, a tornado came through Alabama and destroyed one of the buildings on the property of the Mt. Hebron District Missionary Baptist

Association of Alabama.  Landon Alexander, Sr., a former board member of Mt. Hebron, had helped construct the building.  After the insurance company issued a check payable to both Mt. Hebron and Alexander, Mt. Hebron sued to recover the full proceeds.  The insurance company asked the district court to determine who had a right to the proceeds, and Mt. Hebron filed a motion for summary judgment.  The district court granted Mt. Hebron's motion and, after careful review, we affirm.

I.

Mt. Hebron, an association of multiple churches, began building a new facility on its land sometime in 2005-2006.  The plan was to use the facility for social gatherings and other functions.  Running low on capital, Mt. Hebron enlisted the help of some of its members to finish construction.  Alexander, a pastor and (at the time) board member of the association, contributed his time, money, and physical labor to the construction; Mt. Hebron agreed to compensate him in return.  The parties dispute the amount owed: Mt. Hebron contends that it agreed to pay Alexander $148,000 for his work, but Alexander claims the amount is closer to $500,000.  To date, Mt. Hebron has paid Alexander approximately $160,000.

2

Alexander described himself as the "general contractor" of the project, but he was not a licensed contractor in the state of Alabama.

Construction finished, and Mt. Hebron purchased an insurance policy from Sentinel Insurance Company in 2010 to cover the building. The policy listed Mt. Hebron as the insured party, and, at times, included Alexander as having an "additional interest" as a "mortgagee." Mt. Hebron renewed the policy annually through 2016. Alexander apparently paid some of the premiums, but the parties dispute how many and whether he was reimbursed.

Then, the storm. A tornado destroyed Mt. Hebron's building, and Sentinel issued a check payable to both Mt. Hebron and Alexander to cover the loss. After unsuccessfully attempting to deposit the check without Alexander's endorsement, Mt. Hebron initiated this action against Sentinel to recover the full proceeds. Sentinel, denying any wrongdoing, asserted a counterclaim against Alexander and a complaint in interpleader, asking the district court to adjudicate the competing claims to the policy proceeds. For his part, Alexander brought counterclaims against Mt. Hebron for not paying him money owed for his work on the construction. Mt. Hebron then moved for summary judgment as to the interpleader claim and Alexander's counterclaims.

The district court granted summary judgment for Mt. Hebron with respect to the interpleader claim, finding that Alexander had no insurable interest in the

building because of an Alabama law voiding contracts with unlicensed general contractors. It then declined to exercise supplemental jurisdiction over Alexander's state law counterclaims and dismissed them without prejudice to his right to pursue them in state court. Alexander now contends that the district court erred in granting summary judgment to Mt. Hebron on the interpleader claim, arguing on appeal that his contract with Mt. Hebron and his work constructing the building gave rise to an insurable interest. We disagree, and therefore affirm the district court's judgment.

## II.

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *McKnight Constr. Co., Inc. v. Dep't of Def.*, 85 F.3d 565, 569 (11th Cir. 1996). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Our consideration of the central issue here—whether Alexander had an insurable interest in the building—is controlled by Alabama law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). In Alabama, an insured must have "an insurable interest in the insured property" at the time of loss to receive benefits under a property insurance contract. *Hunter v. State Farm Fire & Cas. Co.*, 543 So. 2d 679, 680 (Ala. 1989) (citation and internal quotation marks omitted). An

insurable interest is "any actual, lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction or pecuniary damage or impairment." Ala. Code § 27-14-4(b). A fee title is not required, but the insured must suffer "economic disadvantage" upon the destruction of the property. *Hunter*, 543 So. 2d at 680–81 (citation omitted).

Here, Alexander's construction contract with Mt. Hebron could not establish an insurable interest because it was void and unenforceable. Alabama law defines a general contractor as someone who undertakes to construct a building for a fee where the cost of the undertaking is $50,000 or more. Ala. Code § 34-8-1(a). And Alabama law is clear that a contract with an unlicensed general contractor to provide general contracting services is void. *Cooper v. Johnston*, 219 So. 2d 392, 396 (Ala. 1969). To determine whether a person was performing general contracting services, Alabama courts consider, among other factors, the intent of the parties and the type of work performed. *Allstate Ins. Co. v. Hugh Cole Builder, Inc.*, 127 F. Supp. 2d 1235, 1238 (M.D. Ala. 2001).

Under Alabama's framework, Alexander fits squarely within the definition of a general contractor: he helped construct a building for a fixed fee, and the cost of the undertaking was more than $50,000. Ala. Code § 34-8-1(a). What's more, the evidence shows that the parties intended for him to act as a general contractor; in fact, he identified himself at his deposition as a "general contractor." Although

Alexander appears to have changed his position in recent briefing, he cannot point to evidence in the record supporting his new argument that he was not a general contractor.

Alexander also admits that he did not hold a general contractor's license in the state of Alabama. That matters, because a license is required for a contract with a general contractor to be enforceable. Alexander's contract with Mt. Hebron, therefore, was unenforceable and void as a matter of public policy under Alabama law. And a void contract such as this one cannot give rise to an insurable interest. *Pope v. Glens Falls Ins. Co.*, 34 So. 29, 30 (Ala. 1903).

In addition, Alexander did not have an insurable interest merely from contributing time and labor to the construction. He needed to show that he would suffer financial loss if the building were destroyed. *Hunter*, 543 So. 2d at 680. But even if Alexander invested substantial time and labor into constructing the property, and even if he was still owed money for that work, that does not show that he would suffer financial loss from the property being destroyed. Alexander needed to demonstrate that he had an actual, lawful, and substantial economic interest in the preservation of the facility, which he could not do.

In sum, even after resolving all doubts in Alexander's favor, no reasonable jury could find that he had an insurable interest in the property. Accordingly, the judgment of the district court is **AFFIRMED.**